UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Harold A. Trout, #16646-171, | ) | C/A No. 3:10-1297-JFA-JRM |
|---|---|---|
| Plaintiff, | ) ) ) ) ) | REPORT AND RECOMMENDATION |
| vs. | ) ) | |
| Paul B. Wickensimer;<br>Robert M. Ariail;<br>Henry D. McMaster;<br>James R. Parks;<br>Ernest Hamilton, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The plaintiff, Harold A. Trout ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Federal Corrections Institution - Beckley in Beaver, West Virginia. Plaintiff paid the full $350.00 filing fee. The complaint appears to name several employees or officers of a governmental entity as defendants.[2] Plaintiff alleges that the defendants violated his constitutional rights to due process and access to the courts. Plaintiff seeks money damages and injunctive relief. The complaint should be dismissed based upon failure to state a claim on which relief may be granted, immunity, and abstention.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

### Pro Se Review pursuant to the PLRA

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915A and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). It appears that defendants Wickensimer, Ariail, McMaster, and Parks are employees and/or officers of a governmental entity and that the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c). The plaintiff "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Therefore, notwithstanding that the plaintiff paid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

The plaintiff's complaint is also subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.[3] *See Mills v. Greenville Co.*, 586 F.Supp.2d 480 (D.S.C. 2008); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449 (D.S.C. Jan. 8, 2007) (noting that the payment

---

[3] This court is <u>not</u> conducting an initial review of the complaint pursuant to 28 U.S.C. § 1915. *See Key v. United States Dep't of Transp.*, No. 2:01-CV-3076-18RB (D.S.C. Dec. 7, 2001, Order) (Chief U.S. District Judge Norton of this court found that § 1915 review of a case does *not* apply if a plaintiff does not invoke §1915).

of the full filing fee does not cure lack of jurisdiction). *See also Bardes v. Magera,* No. 2:08-487-PMD-RSC, 2008 WL 2627134 (D.S.C. June 25, 2008) (finding that a court must not screen a complaint pursuant to 28 U.S.C. § 1915(e)(2) when the plaintiff is a non-prisoner who paid the filing fee); *Cummings v. Giuliani*, No. 00 Civ. 6634 SAS, 2000 WL 1597868 (S.D.N.Y. Oct. 24, 2000) (finding that where a non-prisoner *pro se* plaintiff paid the filing fee to bring a civil action, the action was subject to dismissal with prejudice because it presented no arguably meritorious claim); *Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678 (S.D.N.Y. Feb. 11, 2004) (finding that it was appropriate to dismiss with prejudice *sua sponte* a fee-paying *pro se* plaintiff's action because the court determined that the claims presented no arguably meritorious issue to consider); *Pillay v. INS*, 45 F.3d 14, 16 (2nd Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable but that "we have inherent authority to dismiss an appeal as frivolous.").

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of

liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Background

Plaintiff was convicted by a jury in this United States District Court on April 22, 2009, for two counts of fraud activity connected with computers and two counts of interception and disclosure of wire or oral communications. *See United States v. Harold Anthony Trout*, 6:08-cr-1055-HFF-1.[4] This court sentenced Plaintiff in July 2009 to one year and one day incarceration, and Plaintiff is currently incarcerated at Federal Corrections Institution - Beckley in Beaver, West Virginia. *Id.* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 in this court against defendants who all appear to be located within the District of South Carolina. The crux of this matter is that Plaintiff desires to file a motion to dismiss an indictment allegedly pending against him before the South Carolina State Grand Jury in 2009-GS-47-00006 ("the motion"). Plaintiff's motion to dismiss the indictment is based upon his right to a speedy trial.[5] Plaintiff's problem is that the defendants have refused to file the motion. They either returned the motion to him unfiled or they did not respond at all. Plaintiff thus filed this action because the defendants have allegedly violated his

---

[4] It is appropriate for this District Court to take judicial notice of the plaintiff's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[5] In Plaintiff's attachments to the complaint, he included a copy of the motion which he has been trying to file in state court. (Compl. at 11-13, 18-20)

constitutional rights of access to the courts and due process due to their refusal to assist Plaintiff with filing the motion.

Specifically, Plaintiff alleges that on December 13, 2009, he mailed the motion to defendant Wickensimer, the Greenville County Clerk of Court, who refused to file the motion, did not forward it, but instead returned it to Plaintiff with instructions to mail his filings to the Office of the Clerk of the State Grand Jury in Columbia, South Carolina, since his case number indicated a State Grand Jury case. (Compl. at 14) Plaintiff alleges that around December 13, 2009, Plaintiff mailed a copy of the motion to defendant Ariail, the Solicitor for the Thirteenth Judicial Circuit, who returned the motion to Plaintiff. (Compl. at 3) Plaintiff alleges that on February 11, 2010, he mailed a copy of the motion to defendant McMaster, the Chief Prosecutor for the State of South Carolina, who took no action. (Compl. at 4)

As to defendant Hamilton, Plaintiff alleges that he paid a retainer fee to attorney Hamilton who represented Plaintiff for some time. (Compl. at 35) Plaintiff alleges that he instructed defendant Hamilton to file the motion, but Hamilton instead filed "his own motion for a speedy trial" and did not file Plaintiff's motion. (Compl. at 3) After Hamilton allegedly refused to follow "multiple orders to file the motion, defendant Hamilton was terminated...." *Id.* Plaintiff alleges that on January 31, 2010, "termination of counsel notice was sent to defendants...." (Compl. at 4) Plaintiff alleges that he notified the other defendants that defendant Hamilton was no longer his attorney so that the defendants would permit Plaintiff to file a *pro se* motion. *Id.*

Defendant Parks is allegedly the Clerk of Court for the South Carolina State Grand Jury, and allegedly there is an indictment pending against Plaintiff before the State Grand Jury in case number 2009-GS-47-6. (Compl. at 3-5) Plaintiff alleges that on January 1, 2010, he mailed the motion to

5

defendant Parks for filing in 2009-GS-47-6, but defendant Parks refused to file the motion because Plaintiff had counsel representing him. *Id.* After Plaintiff allegedly mailed a notice to defendant Parks on January 31, 2010, which explained that Plaintiff was proceeding *pro se* and Hamilton had been terminated, Plaintiff attempted to file the motion again on February 11, 2010. *Id.* Plaintiff alleges that the motion was refused. *Id.* Plaintiff then mailed a letter to Daniel E. Shearhouse, Clerk of the Supreme Court of South Carolina, to notify him that the defendants refused to file the motion. Shearhouse mailed a letter to defendant Parks and copied Plaintiff wherein Shearhouse explained that Plaintiff's letter was forwarded to defendant Parks since Plaintiff's case was pending before the State Grand Jury. *Id.* Plaintiff alleges that defendant Parks has not filed the motion, and Plaintiff on March 25, 2010, served defendant Parks with a "Motion for Order to Compel, (Exhibit N), in an effort to have the court order defendants to file the original Motion to Dismiss." (Compl. at 27-28) Finally, Plaintiff hired a former United States Deputy Marshal James R. Willis to personally take the motion to Columbia, South Carolina, to defendant Parks for filing. (Compl. at 30) Plaintiff alleges that defendant Parks again refused to file the motion. *Id.*

Plaintiff alleges that he seeks relief from this court because he has "exhausted every possible means of remedy or redress within the State of South Carolina." (Compl. at 5) Plaintiff seeks "an immediate injunction, ordering the defendants to file Motion to Dismiss." (Compl. at 6) He also seeks money damages. *Id.*

<u>Discussion</u>

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137,

144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In this case, Plaintiff alleges that several defendants acted under color of state law and denied his constitutional rights of access to the courts and due process.

Defendant Hamilton, however, did not act under color of state law as he is alleged to be a privately retained attorney who represented Plaintiff for some time. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). *Cf. Vermont v. Brillon*, 129 S.Ct. 1283, 1291 (2009) (noting that assigned counsel for a criminal defendant is not ordinarily considered a state actor). In *Hall*, the district court had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. Although affirming the district court's order, the Court of Appeals indicated that lower courts should first determine whether state action occurred:

> [I]mmunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

7

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Therefore, because attorney Hamilton did not act under color of state law, Plaintiff fails to state a cognizable claim against him under 42 U.S.C. § 1983.

This action is also subject to dismissal because it seeks monetary relief from defendants who are immune from such relief. *See* Title 28 U.S.C. § 1915(e)(2). In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See* § 24 of Article V, Constitution of the State of South Carolina; and § 1-7-310, South Carolina Code of Laws. Prosecutors, including defendant Ariail, have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 129 S.Ct. 855, 860-62 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding", "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. *Id.*; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Defendant Ariail's alleged wrongful conduct of returning the motion to Plaintiff instead of assisting Plaintiff with filing the motion is intricately related to the judicial process. Moreover, a prosecutor does not have any duty to a person accused of a crime to assist that person with filing motions; a prosecutor represents the sovereignty and has the discretion to pursue a case to trial, negotiate a plea bargain to a lesser offense, or decide not to prosecute. *See, e.g., Ex parte Littlefield*, 540 S.E.2d 81, 218-19 (S.C. 2000). Therefore, defendant Ariail should have absolute immunity from this suit. *See Mitchell v. Forsyth*, 472 U.S.

511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). Similarly, defendant McMaster should be dismissed based upon absolute prosecutorial immunity. In South Carolina, the South Carolina Attorney General is the chief prosecuting officer of the State of South Carolina. *See* S.C. Code Ann., S.C. CONST Art. V, § 24 (1995). The South Carolina Attorney General and the South Carolina Assistant Attorney Generals have absolute immunity from personal liability under 42 U.S.C. § 1983 because they are entitled to prosecutorial immunity for activities intimately associated with the judicial phase of the criminal process. *See, e.g., Williams v. Condon*, 553 S.E.2d 496 (S.C. App. 2001); *Garrett v. McMaster*, 7:07-2952-HFF-WMC, 2008 WL 3411673 (D.S.C. Aug. 11, 2008) (finding that the Attorney General and a former Assistant Attorney General had prosecutorial immunity for conduct related to presenting the State's case). *Cf. Van de Kamp v. Goldstein*, 129 S.Ct. 855 (2009) (noting that prosecutors have absolute immunity from § 1983 actions unless the conduct involves administrative duties such as workplace hiring, payroll administration, or the maintenance of physical facilities).

Defendant Wickensimer, the Greenville County Clerk of Court, is alleged on or about December 13, 2009, to have refused to file the motion, did not forward it, but instead returned it to Plaintiff with instructions to mail his filings to the Office of the Clerk of the State Grand Jury in Columbia, South Carolina, since his case number indicated a State Grand Jury case.[6] In other words,

---

[6] In 1989, the South Carolina Legislature declared that a state grand jury system was established, which will consist of eighteen persons who shall meet in Columbia or other designated place, that the Attorney General impanels the state grand jury, and that twelve members of a state grand jury is a quorum. S.C. Code Ann. § 14-7-1620 (Supp. 1987). The State Grand Jury's jurisdiction extends only to certain crimes. *See State v. Green*, 522 S.E.2d 602, 604-05 (S.C. App. 1999); S.C. Code Ann. § 14-7-1630 (Supp. 1987). State Grand Jury proceedings are secret. S.C. Code Ann. § 14-7-1720 (Supp. 1987). If the presiding judge determines it is appropriate, he will return the indictment by order to the county where venue is appropriate under S.C. law for prosecution by the Attorney General or his designee. S.C. Code Ann. § 14-7-1750 (Supp. 1987). *See also* S.C. Code

9

because the motion referred to case number 2009-GS-47-00006, defendant Wickensimer recognized that the case was at that time before the State Grand Jury. (Compl. at 14) In fact, defendant Wickensimer gave Plaintiff the address in Columbia, South Carolina, where Plaintiff should mail the motion. *Id.* Based upon these alleged facts, Plaintiff failed to state a claim on which relief may be granted because defendant Wickensimer in no way interfered with Plaintiff's access to the courts or due process rights. Defendant Wickensimer actually tried to help Plaintiff to file the motion in the correct place by giving Plaintiff the address for the Clerk of Court for the State Grand Jury. Although the court must liberally construe the *pro se* complaint, the plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994) (finding that a complaint was subject to summary dismissal because it did not contain any facts to support the claim); *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995). While the plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). *See also Francis v. Giacomelli*, 588 F.3d 186, 192-93 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). Because Plaintiff did not plead sufficient factual allegations against defendant Wickensimer, he should be dismissed for failure to state a claim upon which relief may be granted.

Defendant Parks, the Clerk of Court for the South Carolina State Grand Jury, should be dismissed based upon abstention. Plaintiff alleges that defendant Parks has wrongfully refused on multiple occasions to file the motion in a case which is allegedly pending before the State Grand Jury, and, therefore, he has denied Plaintiff access to the courts and due process. By definition,

---

Ann. § 14-7-1640 (Supp. 1987).

matters pending before a grand jury are pending criminal matters and secret. Plaintiff requests that this court order defendant Parks to file the motion in a pending criminal matter, and, if this court did so, it would be interfering with a pending state criminal matter. A federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances. In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). In this case, Plaintiff alleges that he is involved in an ongoing state criminal proceeding. The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). This court

finds that Plaintiff should be able to vindicate his federal constitutional rights and seek to dismiss any case against him based upon speedy trial grounds in the State proceedings, if not before the State Grand Jury then at least before a court who later may hear the criminal case. Therefore, it is appropriate and recommended that this court abstain on the claim against defendant Parks.[7]

Additionally, this action should be dismissed because the United States District Court does not have jurisdiction to grant mandamus relief against state officials or to review state court orders. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *In re Payne*, No. 08-1788, 2008 WL 5207317 at *1 (4th Cir. December 12, 2008). The crux of this action is that Plaintiff seeks an order from this court to compel defendant Parks, a state official, to file the motion in case number 2009-GS-47-00006. Although Plaintiff did not designate this case as a petition for a writ of mandamus, that is the substance of what Plaintiff seeks. A writ of mandamus is issued only in the rarest of circumstances, and it is a drastic remedy. *United States v. Sosa*, 364 F.3d 507, 511 (4th Cir. 2004); *In Re: Lockheed Martin Corp.*, 503 F.3d 351 (4th Cir. 2007). Accordingly, to the extent this action is really a petition for a writ of mandamus against a South Carolina official, it should be dismissed for failure to state a claim upon which relief may be granted.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to

---

[7] Plaintiff's claim against defendant Wickensimer should also be dismissed based upon abstention for the same reasons.

determine whether they are subject to summary dismissal).  **The plaintiff's attention is directed to the important notice on the next page.**

                                                Joseph R. McCrorey
                                                United States Magistrate Judge

June 10, 2010
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).