IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Harold A. Trout, | ) | C/A No.: 3:10-1297-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| | ) | |
| Paul B. Wickensimer; Robert M. Ariail; | ) | |
| Henry D. McMaster; James R. Parks; and | ) | |
| Ernest Hamilton, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Harold A. Trout, brings this action pursuant to 42 U.S.C. § 1983.[1] At the time this action was filed, he was an inmate at the Federal Corrections Institution in Beaver, West Virginia. Plaintiff alleges that the defendants violated his constitutional rights to due process and access to the courts by refusing to file a motion to dismiss an indictment allegedly pending against him before the South Carolina State Grand Jury. He seeks money damages and injunctive relief.

The Magistrate Judge assigned to this action[2] has prepared a thorough Report and Recommendation wherein he suggests that the court should dismiss this action for a variety

---

[1] Plaintiff paid the full $350 filing fee.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

of reasons, including failure to state a claim, immunity, and abstention. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation and the plaintiff filed timely objections to the Report. Thus, it appears this matter is ripe for resolution.

The plaintiff was convicted by a federal jury in this District on April 22, 2009, for two counts of fraud activity connected with computers and two counts of interception and disclosure of wire or oral communications. *See United States v. Harold Anthony Trout*, C/A No. 6:08-1055-HFF.[3]

The Honorable Henry F. Floyd, United States District Judge for the District of South Carolina, sentenced the defendant in July 2009 to a term of imprisonment of one day and one year. Plaintiff is no longer incarcerated at the Beckley Federal Correctional Institution. It appears that he has been released from his sentence.

As the Magistrate Judge notes in his Report, the crux of plaintiff's claim is that he seeks to file a motion to dismiss an indictment allegedly pending against him before the South Carolina State Grand Jury in case number 2009-GS-47-00006. He argues that the named defendants have refused to file or assist him file his motion with the Grand Jury in violation

---

[3] This court may take judicial notice of the plaintiff's prior or pending actions. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(district court may take judicial notice of its own files and records). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2

of his constitutional rights of access to the courts and due process. Plaintiff also seeks an immediate injunction from this court ordering the defendants to file his motion to dismiss. The complaint has not been served on the defendants.

As an initial matter, the plaintiff alleges that he is involved in an ongoing state criminal proceeding. In *Younger v. Harris*, 401 U.S. 37, 43–44 (1971), the Supreme Court has held that a federal could should not equitably interfere with state criminal proceedings, "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).

The Fourth Circuit Court of Appeals has set forth several criterion to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) *(citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982).

Here, the plaintiff claims that several of the defendants acted under color of state law and denied his constitutional rights of access to the courts and due process. In his objections, the plaintiff argues that the Magistrate Judge is incorrect in his conclusions with regard to *Younger v. Harris*. The plaintiff contends that he is not seeking to have the court stop or influence the state court proceeding. Rather, the plaintiff indicates that he "is simply attempting to make corrupt officials move forward and follow their own rules and the U.S.

Constitution, by allowing his motion to be filed in their court."

The Magistrate Judge also opines that this action should be dismissed because this court does not have jurisdiction to grant mandamus relief against state officials or to review state court orders. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). The Magistrate Judge suggests that although this case is not formally designated as a petition for a writ of mandamus, such is the substance of what the plaintiff seeks. A writ of mandamus is issued only in the rarest of circumstances and it is a drastic remedy. *United States v. Sosa*, 364 F.3d 507, 511 (4th Cir. 2004); *In Re: Lockheed Martin Corp.*, 503 F,3d 351 (4th Cir. 2007).

This court finds that both *Younger* and *Sosa* counsel against this court intervening in the state court grand jury action.

After a careful review of the record, the applicable law, and the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

November 30, 2010
Columbia, South Carolina